1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12
13

EDDIE JOE BUSH,

        Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF
CORRECTIONS,

        Defendants.

NO.  CV-08-5063-RHW

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS; GRANTING LEAVE
TO AMEND**

14
15

        Before the Court is Defendant's Motion to Dismiss (Ct. Rec. 6).  The motion
was heard without oral argument.

16

**I.    Background**

17
18
19
20
21
22
23
24
25
26
27

        *Pro se* Plaintiff was a prisoner at the Washington State Penitentiary in Walla
Walla County, where he served a 200-month sentence for a 1995 conviction that
expired on November 5, 2005.  Following this conviction, Plaintiff served
consecutively a ten-month conviction that began November 5, 2005, and was set to
expire June 10, 2006.  There was some discrepancy as to the exact end date of the
convictions, and a state official of the Department of Corrections recalculated
Plaintiff's final release date to extend his incarceration by multiple years.  Plaintiff
filed a personal restraint petition arguing that the recalculation to extend the end
date for an additional four to six years was incorrect and resulted in unlawful
imprisonment.  The Washington State Supreme Court affirmed the end date of
June 10, 2006, causing his release on December 22, 2008.

28

        Plaintiff filed his civil Complaint on September 8, 2008, alleging that

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING
LEAVE TO AMEND ~ 1**

Defendant violated his constitutional right to liberty, and his constitutional
protections against illegal seizures and double jeopardy (Ct. Rec. 1.)   Defendants
now move to dismiss, arguing that Plaintiff's Complaint should be dismissed
because (1) Defendant enjoys sovereign immunity under the Eleventh Amendment
of the United States Constitution; (2) the Court lacks personal jurisdiction over
Washington Department of Corrections; (3) Plaintiff did not properly serve the
Summons and Complaint on Defendant; and (4) Plaintiff's complaint fails to state
a claim upon which relief may be granted because the Department of Corrections is
not a "person" under 42 U.S.C. § 1983.  (Ct. Rec. 6.)

## II.    Standard of Review

The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a
claim showing that plaintiff is entitled to relief, without forcing defendant to be
subjected to discovery.  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir.
1993).  A motion to dismiss does not involve evaluating the substantive merits of
the claim.  *Id.*  Indeed, "The issue is not whether a plaintiff will ultimately prevail,
but whether the claimant is entitled to offer evidence to support the claims." *Diaz v.
Int'l Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007)
(citations omitted).

The standard is viewed liberally in favor of plaintiffs.  *Cervantes,* 5 F.3d. at
1275.  Read in conjunction with Fed. R. Civ. P. 8(a), the complaint should not be
dismissed unless plaintiff fails to state an adequate "short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A
complaint need only satisfy the Rule 8(a) notice pleading standards to survive a
Rule 12(b)(6) dismissal.  *Mendiondo v. Centinela Hosp.  Med. Ctr.*, 521 F.3d 1097,
1104 (9th Cir. 2008) (citations omitted).  The complaint need not contain detailed
factual allegations, but it must provide more than "a formulaic recitation of the
elements of a cause of action."  *Id. (quoting Bell Atlantic Corp. v. Twombly*, 127

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND ~ 2**

S.Ct. 1955, 1965 (2007)).

In ruling on a Rule 12(b)(6) motion, the court must evaluate whether, in the light most favorable to the pleader, resolving all discrepancies in the favor of the pleader, and drawing all reasonable inferences in favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Id.* In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.* Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo*, 521 F.3d at 1104.

Moreover, Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

**III.    Discussion**

Defendant argues that this case should be dismissed based on the Eleventh Amendment's grant of sovereign immunity.  The Court agrees.

Whether a state is immune from suit under the Eleventh Amendment is a question of law. *Micomonaco v. State of Wash.*, 45 F.3d 316, 319 (9th Cir. 1995). The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  Although the amendment does not by its terms prohibit an action against a state by one of the state's own citizens, the Supreme Court has recognized such a prohibition. *See Welch v. State Dep't of Highways & Public Transp.,* 483 U.S. 468, 107 S.Ct. 2941, 2945, 97 L.Ed.2d 389 (1987) (plurality) (*citing Hans v. Louisiana,* 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890)).

The Department of Corrections is an arm of the state and therefore immune

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND ~ 3**

1  from suit.  *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (stating that "the
2  Eleventh Amendment will bar Pena from bringing his claims in federal court
3  against the [Washington] state officials in their official capacities . . . It will not,
4  however, bar claims against the state officials in their personal capacities").  *Accord*
5  *Hale v. State of Ariz.,* 993 F.2d 1387, 1400 (9th Cir. 1993) (finding that the Arizona
6  Department of Corrections was not a person under Section 1983 because it is not an
7  arm of the state).  Since Plaintiff sued the State Department of Corrections in its
8  official capacity only, this case must be dismissed under the Eleventh Amendment.[1]

9    Plaintiff may be accorded leave to amend where justice so requires.  Fed. R.
10  Civ. P. 15(a)(2).  Because Plaintiff is proceeding *pro se* and *in forma papueris*, the
11  Court will grant him an opportunity to amend his complaint.  Plaintiff may submit
12  an Amended Complaint within **thirty (30) days** of the date of this Order.  The
13  Amended Complaint will operate as a complete substitute for (rather than a mere
14  supplement to) any prior complaint.  The Second Amended Complaint must be
15  clearly labeled as "Amended Complaint" and cause number CV-08-5063-RHW
16  must be written in the caption.

17    **PLAINTIFF IS CAUTIONED IF HE FAILS TO AMEND WITHIN 30**
18  **DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT**
19  **FOR FAILURE TO STATE A CLAIM.**

20    Accordingly, **IT IS HEREBY ORDERED**:

21    1. Defendant's Motion to Dismiss (Ct. Rec. 6) is **GRANTED**.

22    2. Plaintiff is given leave to amend his complaint.  Plaintiff shall file his
23  amended complaint within 30 days from the date of this order.  Failure to do so
24  could result in this case being dismissed with prejudice.

25

26  _____

27    [1]Whether a state official sued in his or her individual capacity would be
28  immune from suit is a separate issue.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING
LEAVE TO AMEND ~ 4

1     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

2  Order and forward copies to Plaintiff and counsel.

3     **DATED** this 20th day of November, 2008.

4                           *S/ Robert H. Whaley*

5
                           ROBERT H. WHALEY
6                       Chief United States District Judge

7

8  Q:\CIVIL\2008\Bush\grant.dismiss.ord.2.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING
LEAVE TO AMEND ~ 5**