UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDDIE JOE BUSH,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHY BIRDSELL, and Other, Unknown Responsible Department of Corrections Employees,<br><br>    Defendant. | NO. CV-08-5063-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Summary Judgment (Ct. Rec. 55) and Defendant's Motion for Partial Dismissal (Ct. Rec. 58). The motions were heard without oral argument.

Plaintiff filed his Motion for Summary Judgment on December 14, 2009, and the then-named Defendant filed the Motion to Dismiss on December 15, 2009. Since that time, the Court denied Plaintiff's Motion for Default but permitted Plaintiff leave to file an Amended Complaint. On January 25, 2010, Plaintiff filed an Amended Complaint adding a Conspiracy Claim. Plaintiff also added newly-named Defendants.

### I. Plaintiff's Motion for Summary Judgment

Plaintiff asserts that summary judgment should be entered based on the record that established that Plaintiff was unlawfully detained at the state penitentiary from June 10, 2006 to December 22, 2006. It is undisputed that

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

1  Plaintiff was detained beyond his release date. Defendant has admitted as much.
2  However, summary judgment is not appropriate because there are questions of
3  material fact for the jury to resolve regarding whether the detention resulted from
4  deliberate indifference, or if it violated Plaintiff's due process rights. As such,
5  summary judgment at this stage of the proceedings is not appropriate.

## II. Defendant's Motion for Partial Dismissal

Defendant moves for dismissal of any claim by Plaintiff that he was unlawfully and/or unconstitutionally convicted and/or sentenced and/or imprisoned as a result of his parole revocation and conviction for first degree assault in 1985 and/or his conviction for third degree assault in 1992. Defendant filed this motion in response to Plaintiff's Motion for Joinder of Claims wherein he asserted that he was seeking a claim for cruel and unusual punishment by detaining him in custody prior to June 10, 2006.

In his Second Amended Complaint, Plaintiff appears to be asserting this same theory. It appears that Plaintiff believes he was illegally seized in 1985.

According to Defendant, Plaintiff appealed his 1985 conviction and sentence and both were upheld by the Washington Court of Appeals. Since then, he filed a number of Personal Restraint Petitions. However, the 1985 conviction has never been reversed on appeal, expunged by issuance of a federal writ of habeas corpus, or otherwise invalidated. Thus, under *Heck v. Humphries*, Plaintiff cannot maintain a § 1983 action whereby he seeks to invalidate his 1985 conviction and sentence.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Ct. Rec. 55) is **DENIED**.
2. Defendant's Motion for Partial Dismissal (Ct. Rec. 58) is **GRANTED**.
3. Any claim based on Plaintiff's conviction and sentencing in 1985, other than the claim that he was held beyond the June 10, 2006 release date is dismissed,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 3rd day of February, 2010.

                     *s/Robert H. Whaley*
                     ROBERT H. WHALEY
                     United States District Judge

Q:\CIVIL\2008\Bush\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**