UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDDIE JOE BUSH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KATHY BIRDSELL and OTHER UNKNOWN RESPONSIBLE DEPARTMENT OF CORRECTIONS EMPLOYEES,<br><br>　　　　　　　　Defendants. | NO: CV-08-5063-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE |

Before the Court is (1) Defendants' Motion to Dismiss Second Amended Complaint (Ct. Rec. 84), and (2) Plaintiff's Motion to Strike Order Granting Motion for Partial Dismissal and Motion to Strike Defendants' Motion to Dismiss (Ct. Rec. 91).[1]

---

[1] Plaintiff's two motions are contained in this single filing.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE ~ 1

# I. BACKGROUND

The case was initially before Judge Whaley. On September 8, 2008, Plaintiff, Eddie Joe Bush, initiated this 42 U.S.C. §1983 case. Mr. Bush claimed that he was held in prison for approximately six months beyond his scheduled release date of June 10, 2006 ("extended detention claim") (Ct. Rec. 1 at 3). Mr. Bush named the Washington State Department of Corrections as the sole defendant, a party which is immune from suit under the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Defendants properly moved for dismissal on Eleventh Amendment grounds, and Judge Whaley granted the motion (Ct. Rec. 13). However, Judge Whaley, on his own motion, gave Mr. Bush leave to amend his complaint allowing Mr. Bush to name a proper party (Ct. Rec. 13 at 3).

Mr. Bush filed an amended complaint naming Kathy Birdsell, the prison's record manager, and other unknown Department of Corrections employees as defendants (Ct. Rec. 15). Defendants filed an answer, admitting that Mr. Bush was detained beyond his release date (Ct. Rec. 21 at 2). Mr. Bush should have been released on June 10, 2006, but was not released until December 22, 2006 (Ct. Rec. 21 at 3).

The parties agreed to participate in a settlement conference (Ct. Rec. 32). However, before the settlement conference, Mr. Bush filed memoranda alleging a

new claim of a widespread conspiracy involving police officers, corrections employees, and judges at every level of Washington's courts ("first conspiracy") (Ct. Rec. 34; Ct. Rec. 35; Ct. Rec. 81). To understand Mr. Bush's conspiracy claim, greater background of his past offenses is required.

In 1976, Mr. Bush was convicted of armed robbery in King County Superior Court and sentenced to 20 years in prison (Ct. Rec. 50-2 at 6). In 1981, Mr. Bush was released on parole (Ct. Rec. 50-3 at 8). In 1985, Mr. Bush shot a man in the face, and his parole was revoked (Ct. Rec. 50-4 at 10). After his conviction, Mr. Bush was given an extraordinary sentence of more than 17 additional years to be served consecutively to the 20 year sentence for the robbery (Ct. Rec. 50-5 at 14). Mr. Bush appealed (Ct. Rec. 50-5 at 14), and the sentence was affirmed (Ct. Rec. 50-5 at 32).

In 1992, while in prison, Mr. Bush was convicted of third degree assault and sentenced to an additional 10 months of incarceration, to run consecutively to the 1985 sentence for the shooting (Ct. Rec. 50-10 at 54).

Mr. Bush claimed that his amended complaint included this conspiracy claim (Ct. Rec. 15 at 6) (asking for "a jury to determine whether the Defendants are guilty of subjecting me to cruel and unusual punishment by detaining me in custody at the State Penitentiary prior to, and past June 10, 2006, using RCW 9.95.120 as their justification"). Accordingly, Mr. Bush filed a motion for entry of

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND
DENYING PLAINTIFF'S MOTION TO STRIKE ~ 3

default and waiver of service against the "unknown" defendants, a motion for joinder, and a motion for summary judgment (Ct. Rec. 44; Ct; Ct. Rec. 47; Rec. 55). In case Mr. Bush's amended complaint could be construed as including the conspiracy claim, Defendants filed a Motion to Dismiss the claim, because a 42 U.S.C. §1983 action cannot be maintained when it seeks to invalidate a conviction that has never been reversed, expunged or otherwise invalidated (Ct. Rec. 58). *Heck v. Humphrey,* 512 U.S. 477, 486-7 (1994).

On January 11, 2010, Judge Whaley denied Mr. Bush's motion for default and waiver of service and his motion for joinder (Ct. Rec. 78). Judge Whaley explained to Mr. Bush that although "[i]t is true that 'Doe' defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be added," it is inappropriate to seek default judgment against fictitious parties (Ct. Rec. 78 at 2). Judge Whaley again granted Mr. Bush leave to amend his complaint in order to name the defendants in the alleged conspiracy (Ct. Rec. 78).

On January 25, 2010, Mr. Bush filed the second amended complaint (Ct. Rec. 81). Mr. Bush named additional defendants, restated his claim that he was detained beyond his release date, and outlined his first conspiracy claim (Ct. Rec. 81). Mr. Bush filed a motion for summary judgment (Ct. Rec. 55) and Defendants filed a motion for partial summary judgment (Ct. Rec. 58).

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE ~ 4

On February 3, 2010, Judge Whaley denied Mr. Bush's motion for summary judgment and granted Defendants' partial motion for summary judgment, dismissing Mr. Bush's conspiracy claim (Ct. Rec. 83). Judge Whaley agreed with Defendants that *Heck v. Humphrey* precludes Mr. Bush from maintaining a §1983 action seeking to invalidate his convictions and sentences.

Defendants filed their current motion to dismiss one day after Judge Whaley's February 3, 2010, order (Ct. Rec. 84).[2] In response, on February 22, 2010, Mr. Bush filed his current motion to strike Judge Whaley's order granting partial dismissal, and motion to strike defendants' motion to dismiss (Ct. Rec. 91).[3]

In his motion to strike, Mr. Bush claims that Judge Whaley is involved in a conspiracy with defense counsel to deny Mr. Bush his constitutional rights ("second conspiracy")(Ct. Rec. 91 at 3). Mr. Bush also claims that in furtherance of the conspiracy, Judge Whaley and defense counsel pretended that Mr. Bush was a prisoner proceeding *in forma pauperis* and screened Mr. Bush's amended

---

[2] Defendants note in their first footnote that Judge Whaley's February 3, 2010, order may make their current motion to dismiss moot, as Defendants again seek dismissal of the first conspiracy claim (Ct. Rec. 84 at 1).

[3] Judge Whaley's February 3, 2010, order granting Defendants' Motion for Partial Dismissal was captioned "Granting Defendant's Motion for Summary Judgment" (Ct. Rec. 83).

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE ~ 5

complaint under 28 U.S.C. § 1915(a). Allegedly, this screening allowed Judge Whaley to grant summary judgment for Defendants.[4] Because of this alleged conspiracy, Mr. Bush seeks to strike Judge Whaley's February 3, 2010, order and Defendants' motion to dismiss the conspiracy claim (Ct. Rec. 91).

Mr. Bush attaches letters he received from the clerk's office notifying him that his case was "under review" as support for his claim (Ct. Rec. 91 at 5-7). However, these letters do not support his claim. The letters are standard form letters used by the clerk's office to acknowledge that a case has been opened and to give Mr. Bush notice of his case number (Ct. Rec. 91 at 5-7).

On February 5, 2010, Judge Whaley recused himself from further consideration of this case (Ct. Rec. 87).

## II. DISCUSSION

**A. Defendants' Motion to Dismiss (Ct. Rec. 84).**

In their Motion to Dismiss, Defendants move again for the dismissal of Mr. Bush's second amended complaint, with the exception of Bush's extended detention claim (Ct. Rec. 84 at 6). Defendants again rely on *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), which states:

---

[4] When Mr. Bush originally filed his complaint, the clerk's office incorrectly identified him as a prisoner filing *in forma pauperis* (Ct. Rec. 91 at 5-6). However, Mr. Bush pointed out this error and he was assigned a new case number.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

12 U.S. 477, 486-487 (1994).

The *Heck* court continued:

> We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

*Id.* at 489.

The Court agrees with Defendants' and Judge Whaley's analysis. Mr. Bush's convictions have never been reversed on appeal, expunged by issuance of a federal writ of habeas corpus, or otherwise invalidated (Ct. Rec. 84 at 3). Under *Heck*, Mr. Bush cannot maintain his first conspiracy claim pursuant to 42 U.S.C. §1983. Without a valid federal cause of action, such as 42 U.S.C. §1983, this Court lacks subject matter jurisdiction, and the claim must be dismissed.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE ~ 7

Accordingly, Defendants' Motion for Partial Dismissal is granted (Ct. Rec. 84). Mr. Bush only may proceed on his extended detention claim.

**B. Plaintiff's Motion For Reconsideration (Ct. Rec. 91)**

In his motion to strike, Mr. Bush challenges Judge Whaley's February 3, 2010, order (Ct. Rec. 83) and Defendants' motion to dismiss (Ct. Rec. 84). However, there is no procedural way for a party to move this Court to strike the order (*see* Fed. R. Civ. P. 12(f) generally). At best, Mr. Bush's motion can be construed as a motion for reconsideration.

A motion for reconsideration requesting a substantive change is brought under Federal Rule of Civil Procedure 59(e). *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). An amendment to a judgment is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) there has been an intervening change of controlling law; (2) the district court is presented with newly discovered evidence; or (3) the district court committed clear error or made an initial decision that was manifestly unjust. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001), citing, *School Dist. No. 1J, Multnomah Co., Oregon v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has recognized that in the interests of finality and conservation of judicial resources, Rule 59(e) is an extraordinary remedy that is used sparingly. *Kona Enterprises, Inc. v. Estate of*

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE ~ 8

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *McDowell v. Calderon*, 197 F.3d 1253, 1255, n. 1 (9th Cir. 1999).

Mr. Bush does not assert any change in controlling law. Even if the Court construes Mr. Bush's motion as asserting newly discovered evidence, clear error, or manifest injustice, the motion must fail. Newly discovered evidence must have been previously unavailable. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Clear error occurs when a court's decision or action appears to have been "unquestionably erroneous." BLACK'S LAW DICTIONARY, 8th Edition, 2009, p. 622. Similarly, manifest injustice is defined as an error in the trial court that is "direct, obvious, and observable . . . ." *Id*. p. 1048.

The Court has reviewed Judge Whaley's orders and the file. The Court finds that there is no support to a claim that there is newly discovered evidence to support Mr. Bush's motion. In addition, Mr. Bush has failed to provide any evidence that Judge Whaley is involved in a conspiracy with defense counsel or that Judge Whaley applied 28 U.S.C. 1915(a) to review any of his complaints. Therefore, the Court finds that the partial dismissal of Bush's claims was not the result of clear error or that the Court's rulings were manifestly unjust.

Accordingly,

**IT IS HEREBY ORDERED**:

1. Defendants' Motion for Partial Dismissal (**Ct. Rec. 84**) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE ~ 9

2. Any claim based on Plaintiff's convictions, other than the claim that he was held beyond the June, 10 2006, release date, is **DISMISSED with prejudice**.

3. Plaintiff's Motion to Strike (**Ct. Rec. 91**), construed as a Motion for Reconsideration, is **DENIED**.

The District Court Executive is directed to enter this Order, enter judgment as outlined above, and provide copies to Plaintiff and Counsel.

**DATED** this 6th day of August, 2010.

           *s/Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
           United States District Court Judge

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND DENYING PLAINTIFF'S MOTION TO STRIKE ~ 10