UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDDIE JOE BUSH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE EMPLOYEES; JEFFREY UTTECT, *et al.*,<br><br>　　　　　　Defendants. | NO: CV-08-5063-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Before the Court is Defendants' Motion to Dismiss For Failure to Follow Court Orders (Ct. Rec. 147) which was expedited (Ct. Rec. 149). Defendants filed their motions on January 25, 2011, and set the notice of hearing for January 31, 2011 (Ct. Rec. 150).

Plaintiff Mr. Bush, proceeding *pro se,* filed a response to both motions (Ct. Rec. 155). In his response, Mr. Bush states that he did not receive a copy of the motion until January 27, 2011, and was not able to respond to the motions until January 29, 2011 (Ct. Rec. 155 at 5).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

Normally when a dispositive motion is not expedited, a *pro se* litigant is given 30 days after the date the motion was mailed, as noted on certificate of mailing, within which to serve and file a responsive memorandum to the dispositive motion. L.R. 7.1(c)(1). Following the Local Rule in this case, the deadline for Mr. Bush's response would have been Friday, February 25, 2011.

In order to provide Mr. Bush with sufficient time in which to respond to the motion to dismiss, the Court allowed Mr. Bush until Friday, February 25, 2011 to supplement his response to Defendants' Motion to Dismiss for failure to follow Court orders (Ct. Rec. 147). Mr. Bush supplemented his response on February 4, 2011 (Ct. Rec. 157).

## BACKGROUND

On October 29, 2010, after sufficient notice, the Court convened a telephonic scheduling conference (Ct. Rec. 126). Mr. Bush failed to appear for the conference. Also on October 29, 2010 the Court issued an Order which stated that "**[a]ny party failing to appear at any scheduled hearing may be subject to sanctions, including dismissal of the case**" (Ct. Rec. 135 at 9) (emphasis in original). The October 29, 2010 Order also set a telephonic status conference for January 14, 2011 (Ct. Rec. 135 at 3).

On January 7, 2011, Mr. Bush and Assistant Attorney General ("AGG") Jarold Cartwright had a telephone conference and discussed the possibility of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

settlement. Mr. Bush advised AAG Cartwright that he would not be participating in matters scheduled before this Court, including the conference scheduled for January 14, 2011, because neither AAG Cartwright nor the Court was acting legally in the case (Ct. Rec. 148 at 2). Mr. Bush advised AAG Cartwright that he and the Court were acting illegally because, among other things, the defendants are in default and court documents were not properly captioned (Ct. Rec. 148 at 2). Also before the January 14, 2011, hearing, the courtroom deputy reminded Mr. Bush of the hearing (Ct. Rec. 144 at 2).

On January 14, 2011, the Court convened the status conference. Mr. Bush again failed to appear.

## APPLICABLE LAW

Fed. R. Civ. P. 16 applies to pretrial conferences, scheduling and management. The rule provides in pertinent part:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (C) fails to obey a scheduling or other pretrial order.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

Fed. R. Civ. P. 16(f). Sanctions authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part."[1] Fed. R. Civ. P. 37(b)(2)(A)(iii).

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987).

## DISCUSSION

In Mr. Bush's response and additional filings, he repeats the following claims: (1) the Court is falsifying information, (2) Mr. Bush is entitled to default judgment, and (3) the Court lacks jurisdiction (Ct. Rec. 155). Each of these claims has been raised previously by Mr. Bush.

Mr. Bush claimed this Court conspired to obstruct justice and harass Mr. Bush (Ct. Rec. 154 at 1). Mr. Bush also accused Judge Whaley, who initially

---

[1] Dismissal of an action pursuant to Fed. R. Civ. P. 16(f) for a deliberate failure to attend and/or participate in a court ordered hearing is reviewed for abuse of discretion and will be upheld on appeal unless the reviewing court has a "definite and firm conviction that the sanction was clearly outside an acceptable range." *Nascimento v. Dummer,* 508 F.3d 905, 909 (9th Cir. 2007).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

presided over this case, of conspiracy (Ct. Rec. 154 at 1). These claims were considered and rejected by the Court (Ct. Rec. 154).

Mr. Bush has repeatedly contended that he is entitled to default judgment (Ct. Rec. 17, 18, 19, 25, 114). These motions were denied initially by Judge Whaley and later by this Court (Ct. Rec. 154 at 4). As explained in previous orders, the Clerk of Court "can enter the default if the plaintiff's claim against a defendant is for a sum certain . . . and if the defendant has been defaulted for failure to appear. Thus, the rule applies only to parties who have never appeared in the action." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 689 (9th Cir.1988). Counsel for Defendants has appeared and defended. Accordingly, a motion for default is improper.

Mr. Bush has frequently presented a theory that he has multiple cases before the Eastern District and that his second amended complaint is not before this Court (Ct. Rec. 154 at 2). The Court has explained that Mr. Bush has only one case before this Court and only one complaint: his second amended complaint. The complaint is limited to one claim: that Mr. Bush was held in custody beyond the June 10, 2006 release date (Ct. Rec. 154 at 3).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

**Factors for Dismissing a Case for Failure to Attend Court Hearings**

The Court now considers the five factors for dismissing a case as stated in *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987). As discussed *supra*, they are:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987).

In the present case, the public interest in expeditious resolution of the litigation and the Court's need to manage its docket support dismissal. This case was initiated by Mr. Bush over two and a half years ago. Mr. Bush has filed numerous meritless motions that have repeated the same discredited claims. In addition, Mr. Bush's continued refusal to participate in status conferences moving this case toward trial frustrate the Court's and Defendants' ability to resolve this litigation.

Defendants have been prejudiced by Mr. Bush's actions. They have been forced to respond to Mr. Bush's duplicative motions and appear for hearings despite his refusal to accept or follow the Court's orders. Additionally, the Court believes that less drastic sanctions would be futile. Mr. Bush has been warned repeatedly that a failure to follow court orders may lead to dismissal. Despite

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

those warnings by the Court and by the Defendants, Mr. Bush consistently has refused to recognize the validity of the Court's procedural and substantive orders.

The only factor that weighs against dismissal is the public policy favoring disposition of cases on their merits. However, given the weight of the other four factors, dismissal is appropriate in this case. See *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007). Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss for failure to follow Court Orders (**Ct. Rec. 147**) is **GRANTED**.

2. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

3. **All pending hearings are STRICKEN and deadlines** are **TERMINATED**.

4. All other pending motions are **DENIED AS MOOT**.

The District Court Executive is directed to enter this Order, provide a copy to Mr. Bush and Defendants and **CLOSE** the file.

**DATED** this 22nd day of March, 2011.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7